## SIKES *et al. v.* SIKES.

The evidence demanded a verdict for the objectors. The jury having found a verdict for the applicant for dower, the court erred in refusing a new trial.

No. 5529.　JANUARY 13, 1927.

Dower, etc.　Before Judge Sheppard.　Tattnall superior court. June 22, 1926.

*C. L. Cowart,* for plaintiffs in error.　*W. T. Burkhalter,* contra.

GILBERT, J.　Mrs. Lula Sikes filed a petition for dower in the lands of C. M. Sikes, her deceased husband, alleging that he died seized and possessed of said lands on August 30, 1922, that she was administratrix upon his estate, and that she had given due notice to all his heirs at law of her intention to apply for dower. The court appointed a commission pursuant to law, which set aside 68-½ acres of said lands to the applicant. At the term of court to which the return of the commissioners was returned, Lula Sikes, Mike Sikes, C. J. Sikes, Perry Sikes, and Mrs. A. C. Ellenwood (formerly Sikes), children of said C. M. Sikes by a former marriage, filed an answer to the application for dower and objections and traverse to said return of the commissioners, and alleged in general denial that C. M. Sikes did not die seized and possessed of the lands in question, and therefore that said assignment of dower was void. They further alleged that the lands described in said application were conveyed to C. M. Sikes by his mother, Victoria E. Sikes, for life, with remainder over to his children, that his estate therein terminated at his death, and that said lands belonged to the objectors and other children of C. M. Sikes. On the trial of the issue thus joined, the deed from the mother of C. M. Sikes to him, dated November 29, 1899, was introduced in evidence. It recited as follows: "In consideration of the natural love and affection which she has and bears to her said son, hath given, granted, and conveyed, and by these presents doth give, grant, and convey to the said C. M. Sikes his lifetime, subject to his management and control, but not subject to any execution or executions, debts, or liabilities of the said C. M. Sikes in any manner whatever, and at his death to descend to his children or such child or children as he may prefer," the lands which are in-

Dower, 19 C. J. p. 463, n. 5; p. 475, n. 52.
New Trial, 29 Cyc. p. 820, n. 35.

volved. The evidence also developed, without conflict, that, in an effort to borrow money on the property to pay certain debts, and after ascertaining that he could not do so with the title he then held, a life-estate only as the same was construed by loan companies, C. M. Sikes deeded the lands to his son, W. C. Sikes, with the understanding that said son was to deed the same back to C. M. Sikes. There were introduced in evidence two such deeds. The one from C. M. Sikes to his said son contained the following recital: "This instrument conveys to the said W. C. Sikes, his heirs and assigns, a complete fee-simple title and estate in and to said lands, including the life-estate of the said C. M. Sikes, and the reversionary estate in said lands under the aforementioned deed from Mrs. Victoria E. Sikes, dated November 29, 1899, the grantee, W. C. Sikes, being the child of the grantor, C. M. Sikes, and being the child to whom the said C. M. Sikes prefers that the said land and property shall descend and belong in fee simple." The evidence further disclosed that C. M. Sikes never relinquished possession to W. C. Sikes, and that W. C. Sikes died about a year before the death of C. M. Sikes. A witness swore that the father sought to procure conveyances from other children of their respective interests to the preferred son at different times, which was refused, and that W. C. Sikes "wasn't caring anything about it; it wasn't to benefit him any, it was for Papa's benefit; that is what they would tell me." The applicant for dower testified she had seen deeds from two of the sons to C. M. Sikes. The jury returned a verdict in favor of the applicant for dower. The objectors filed a motion for new trial on the general grounds, which was overruled, and they excepted.

The only right obtained by C. M. Sikes under the deed from Victoria E. Sikes was a life-estate and a right to "prefer," that is, to designate "such child or children" as he chose to whom the land would "descend" in remainder. Under the terms of the deed, his choice was controlling. Under the undisputed evidence, he did enjoy the life-estate, but he wholly failed to "prefer" or designate any child or children to whom the remainder interest in the lands would descend. What he did was to undertake to defeat that provision in the will; and, contrary to the trust reposed in him, he caused to be executed a deed to one son under the agreement that a fee-simple conveyance be made conveying the lands back to him-

self. This was in direct disobedience of and contrary to the trust reposed. He possessed only a life-estate and a power. He undertook to convey, with strings attached, a fee-simple title. The purpose was not to "prefer" a child or children, but to "prefer" himself. His deed to W. C. Sikes, at most, could only convey his life-estate—he had no more. The deed by W. C. Sikes could only reconvey such life-interest. The evidence shows that the deeds caused no change in possession or control, or in the income derived from the lands. C. M. Sikes continued until his death in exclusive possession of the land as well as the enjoyment of all its uses and benefits. The effort to "prefer" W. C. Sikes, in which W. C. Sikes colluded, was a fraud, and as such is void and of no effect whatever. Under the evidence, C. M. Sikes did not die seized and possessed of the lands. We do not overlook the evidence that a witness swore that she had seen a deed from two children to C. M. Sikes. The evidence demanded a verdict for the objectors; and the court erred in not granting a new trial.

*Judgment reversed. All the Justices concur.*